IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-103-BLG-RFC |
| Plaintiff/Respondent, | CV 11-117-BLG-RFC |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| EDWARD ALVIN WHITE, | |
| Defendant/Movant. | |

On October 12, 2011, Defendant/Movant Edward White ("White"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. At the same time, he requested preparation of the transcripts of his change of plea and sentencing hearings and an extension of time to supplement his motion. The transcripts were filed on November 21 and 28, 2011, and served on White on December 1, 2011.[1] White filed the supplement on March 29,

---

[1] On February 21, 2012, White stated that he had not received the transcripts, but the record shows they were served on him at FCI Sandstone on December 1, 2011. Cert. of Mailing (doc. 49). Regardless, on June 22, 2012, the Court stated that White "has his case file, at least those parts of it he is permitted to have in prison, and the transcripts of the change of plea and sentencing." Order (doc. 60) at 2. In his Response to that Order, White had an opportunity to alert the Court that he did not have these items, and he did not do so.

ORDER / PAGE 1

2012. On June 22, 2012, White was ordered to clarify some of his allegations. He responded on July 16, 2012.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolaus"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

White was originally charged on September 17, 2009, with one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture containing cocaine, a violation of 21 U.S.C. §§ 841(a) and 846, and one

count of distributing and possessing with intent to distribute more than 500 grams a mixture containing cocaine, a violation of 21 U.S.C. § 841(a). Indictment (doc. 1) at 1-2. If convicted of either count, he faced a mandatory minimum sentence of five years and a maximum of 40 years. 21 U.S.C. § 851(b)(1)(B)(ii). Lance Lundvall was appointed to represent him. Order (doc. 11).

On April 2, 2010, pursuant to a plea agreement, White agreed to plead guilty to one count of distributing and possessing with intent to distribute 200-300 grams of a mixture containing cocaine. Information (doc. 22) at 2; Plea Agreement (doc. 20) (under seal) at 2 ¶¶ 1-4. In open court on April 7, 2010, White admitted, under oath, that he bought and distributed 200-300 grams of cocaine from at least two sources of supply between August 2008 and June 2009; that he sold 3.3 grams of cocaine to an undercover officer on December 31, 2008; and that he sometimes carried a firearm when distributing cocaine. Change of Plea Tr. (doc. 47) at 25:13-27:17; *see also* Offer of Proof (doc. 21) at 3-4.

Two and a half months after the change of plea hearing, Lundvall moved to withdraw on the grounds that White was dissatisfied with his performance. Mot. to Withdraw (doc. 26). The motion was granted. Order (doc. 27).

New counsel Larry Jent appeared on White's behalf. Sentencing was continued three times, from July 9, 2010, to November 5, 2010. When the hearing began, Jent

requested another continuance of one week. White was asked whether he had reviewed the presentence report with Jent. He responded, "Not as I would like to but I did, Your Honor." Sentencing Tr. (doc. 48) at 4:1-2. I responded, "Well, then, we're going to take the time you need so that you can answer that, 'Yes, I have gone over it with Mr. Jent.'" *Id.* at 4:3-5. After the recess, I asked White again, "Have you had an adequate opportunity to go over the presentence report with Mr. Jent?" White responded, "Yes, sir, Your Honor." *Id.* at 4:13-16. I then denied the continuance but said:

> Although the presentence report says there are no objections or corrections offered by the defendant, I am prepared to listen to any objections that you all may have to the presentence report, and if there are some, then tell me before you start. Tell me whether those objections affect the calculation of the advisory guideline range.

*Id.* at 4:25-5:6. Jent said his objections did not affect the calculation, but he detailed four objections. *Id.* at 5:7-23. I agreed that the objections did not affect the calculation and asked White whether he had any additional objections that Jent did not make. He said he did not. *Id.* at 5:24-6:13. White's base offense level was 20. U.S.S.G. § 2D1.1(c)(10). He received a two-point enhancement for possession of a dangerous weapon, *id.* § 2D1.1(b)(1), and a three-point reduction for acceptance of responsibility, *id.* § 3E1.1, for a total offense level of 19. His criminal history category was II. His advisory guideline range was 33 to 41 months. Presentence

ORDER / PAGE 4

Report ¶¶ 26-35, 42; Sentencing Tr. at 7:2-8:5. He was sentenced to serve 33 months in prison, to be followed by a three-year term of supervised release. Minutes (doc. 33); Judgment (doc. 34) at 2-3.

White waived his right to appeal. Plea Agreement at 8-9 ¶ 9(i), 9 ¶ 10, 15-16 ¶ 19(a); Change of Plea Tr. (doc. 51) at 19:19-20:16. His conviction became final on November 22, 2010. Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 532 (2003). He signed his initial § 2255 motion and deposited it in the prison mail system on October 4, 2011. Mot. § 2255 (doc. 41) at 4; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Although his initial pleading likely would not support relation back of all his claims, *see Mayle v. Felix*, 545 U.S. 644, 650 (2005), all will nonetheless be addressed on the merits.

### III. White's Claims

White makes various claims of ineffective assistance of counsel in his original motion (doc. 41), his Supplemental Memorandum (doc. 56), and his Response (doc. 61) to the Order of June 22, 2012. They are reorganized here, but all are addressed.

First, during the pre-plea stage of the case, White alleges that counsel did not review the discovery with him, Supp. Mem. at 6; did not provide him copies of documents the prosecution filed, *id.*; failed to move to suppress the false testimony of a co-defendant, *id.* at 9, and other witnesses' statements for lack of credibility,

Resp. at 2; failed to depose or interview the witnesses, Supp. Mem. at 7; "refused to comply with any and all requests made by the defendant including the chance to discuss options and strategy," *id.* at 9; and failed to advise him that the plea agreement would include a joint recommendation for a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1), Resp. at 2-3.

Second, White alleges that counsel failed to move to withdraw the guilty plea. Supp. Mem. at 10.

Third, White contends that counsel failed to move to withdraw from representation before sentencing at White's request, Supp. Mem. at 9; failed to submit a sentencing memorandum or sentencing letters on his behalf, *id.* at 7-8; failed to prepare sufficient objections to avoid the two-point gun enhancement, *id.* at 6, 9-10; and failed to move for downward departures, Mot. § 2255 Pet. for Relief (doc. 41-1) at 1 ¶ 2.

Finally, White states, "defendants counsel failed to file a direct appeal in the U.S. Court of Appeals." *Id.* at 1 ¶ 4.

### IV. Analysis

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims alleging ineffective assistance of counsel. First, White must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. Second, he must

show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### A. Entry of Guilty Plea

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

At the time of his change of plea hearing, White knew that counsel did not review the discovery with him, did not move to suppress testimony, and did not comply with "any and all requests . . . to discuss options and strategy." Yet he said he was satisfied with Mr. Lundvall's services. Change of Plea Tr. (doc. 51) at 4:19-21, 8:16-23. Moreover, the only prejudice White identifies is that he was unable to move to exclude witnesses' testimony on the grounds that they provided inconsistent statements. Aside from White's failure to explain what evidence was in question, any motion intended to stop witnesses from testifying because they gave inconsistent

ORDER / PAGE 7

statements would surely have been denied. Inconsistency is no reason to suppress.

White also alleges that Lundvall did not provide copies of documents the United States had filed. But the United States did not file anything between Lundvall's appointment and the filing of the Plea Agreement, the Offer of Proof, the Information, and the Waiver of Indictment the day before the change of plea hearing. White initialed the Plea Agreement before it was filed and demonstrated his familiarity with the other documents in open court. Change of Plea Tr. at 4:23-5:9, 7:16-8:23, 14:17-15:14, 24:9-14, 26:6-27:17. White alleges no "misunderstanding, duress, or misrepresentation by others," *Allison*, 431 U.S. at 75, that rendered his guilty plea involuntary.

Finally, White alleges that counsel should have advised him that the plea agreement would include a recommendation for a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. But White initialed the each page of the Agreement, including the one with the enhancement, Plea Agreement at 10 ¶ 11(a)(2), and he agreed the United States could prove its case, including his possession of a firearm, if a trial were held. Offer of Proof (doc. 21) at 3-4; Change of Plea Tr. at 24:9-18, 26:6-27:17.

I see no plausible potential support for a finding that White's guilty plea was anything less than knowing, voluntary, and intelligent. Viewed in light of the record,

the facts White alleges do not support an inference that counsel might have performed deficiently or that White might have been prejudiced as a result. These claims are denied.

### B. Withdrawal of the Guilty Plea

#### 1. Counsel's Performance

Reasonably competent counsel would have believed the plea agreement was quite favorable to White. White himself appears not to recall how beneficial it was. He was initially charged with an amount of cocaine that would have triggered a mandatory minimum sentence of five years. Indictment (doc. 1) at 1-2; 21 U.S.C. § 851(b)(1)(B)(ii). He was also initially charged with a conspiracy count. The amount of cocaine for which White was held responsible was decreased, and the conspiracy count was dropped, both as a result of the Plea Agreement. Moreover, there is some support in the record for a charge under 18 U.S.C. § 924(c). *See* Presentence Report ¶ 8; *see also Pinkerton v. United States*, 326 U.S. 640, 647 (1946). Had he been charged and convicted under that statute, he would have received a second mandatory consecutive term of five years. 18 U.S.C. § 924(c)(1)(A), (i).

At sentencing, the plea agreement continued to work in White's favor. Based on his own statements (the contents of which he presumably made counsel aware before sentencing), White could have been proved responsible for over 300 grams of

ORDER / PAGE 9

cocaine. Presentence Report ¶¶ 8-9, 11-12. Yet the plea agreement recommended a base offense level of 20, corresponding to 200-300 grams, Plea Agreement at 9 ¶ 11(a)(1); Presentence Report ¶ 26, rather than 22, corresponding to 300-400 grams, U.S.S.G. § 2D1.1(c)(9).

In sum, the Plea Agreement led to a sentence of 33 months, whereas withdrawing the plea and going to trial could have led to ten years. Under these circumstances, it is hard to imagine that a reasonable lawyer would recommend withdrawing the plea. White alleges no facts supporting an inference that counsel's advice not to withdraw the plea was deficient.

### 2. Prejudice

Further, White alleges no "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), he should have been permitted to withdraw his guilty plea – no new evidence discovered before sentencing that "could have at least plausibly motivated a reasonable person in [White's] position not to have pled guilty," *United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005), no inadequacy in the plea colloquy, no defense, *id.* at 1011, no gross mischaracterization of the sentence, *United States v. Davis*, 428 F.3d 802, 808 (9th Cir. 2005), and no other error or omission in counsel's advice, *United States v. Bonilla*, 637 F.3d 980, 983 (9th Cir. 2011). Therefore, there is no fact from which the Court might infer that White would have

been permitted to withdraw his plea, even if he had moved to do so.

Again, viewed in light of the record, the facts White alleges do not support an inference that counsel might have performed deficiently or that White might have been prejudiced as a result. This claim is denied.

## C. Sentencing

Counsel Lundvall did, of course, move to withdraw before sentencing, Mot. to Withdraw (doc. 26); Order (doc. 27), so presumably White aims this claim at counsel Jent. But, had Jent also moved to withdraw before sentencing, there is no reasonable probability that the motion would have been granted. A defendant is not entitled to a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). White alleges no alternative reason counsel should have withdrawn.

As to White's claims that counsel could have obtained a sentence of less than 33 months had he submitted sentencing letters or made additional objections, the claims are meritless. Even with White's clarification that he "had carried a gun for year in his vehicle before he became involved with drug distribution and that the firearm was not always on him," Presentence Report ¶ 20, the facts set forth in the Presentence Report plainly support a finding that White possessed a firearm and that its possession was, on at least one occasion if not more, "connected with" drug trafficking. U.S.S.G. § 2D1.1(b)(1) Application Note 3; Presentence Report ¶¶ 8, 19-

20. In addition, the parties agreed that the advisory guideline sentence range should be 33-41 months. The United States reserved its right to object to a sentence outside that range. Plea Agreement at 10-11 ¶ 11(d), 15-16 ¶ 19(a).[2] Had Jent persuaded me that a lower sentence was sufficient, which is a doubtful proposition in itself, he would have made White vulnerable to an appeal by the United States. Finally, White was personally asked at sentencing whether he had any additional objections that Jent failed to state on the record. He said he did not. Sentencing Tr. at 6:10-12.

White received the lowest, most unimpeachable sentence he could have hoped for. He alleges no facts that might support an inference that counsel's performance was deficient or that he was prejudiced by it. These claims are denied.

**D. Appeal**

White was advised that he had not alleged facts that could support a claim based on counsel's failure to file a notice of appeal. Order Granting Mot. for Extension of Time (doc. 55) at 2 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 480 (2000)). In neither his Supplemental Memorandum nor in his Response to the Order of June 22, 2012, did White refer in any way to this claim. The claim, if it was intended to be one, is deemed abandoned and denied for lack of merit.

---

[2] White has never contended, and does not even now contend, that the weapon was *never* "connected with" his drug activities.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although White seems to be experiencing buyer's remorse, his remorse has nothing to do with counsel. He identifies no respect in which either of his attorneys performed deficiently and no respect in which he suffered any prejudice. White alleges that counsel did not review the discovery with him, did not move to suppress witnesses' testimony on the grounds that they contradicted themselves, did not depose or interview witnesses, and refused to "comply" with his requests to "discuss options and strategy." But White knew of those facts before he changed his plea, and yet he stated at the change of plea hearing that he was satisfied with counsel's performance. His post-judgment submissions do not explain why he was satisfied then but is

ORDER / PAGE 13

dissatisfied now, and there is no support for an inference that White might have been prejudiced even if counsel did not do these things. White plainly was advised that the plea agreement would include a recommendation for a two-level enhancement, because he initialed each page before the agreement was filed. There simply was no factual basis for withdrawing the plea, and there was good reason not to do so, as the plea bargain was advantageous to White. Had White's second attorney moved to withdraw before sentencing, the motion would have been denied; a defendant is not entitled to a "meaningful relationship" with his attorney, and White suggests no other support for such a motion. White's sentence was at the low end of the advisory guideline range the parties jointly recommended, the Presentence Report gave ample support for the two-point firearm enhancement on a couple of different grounds, and the 33-month sentence White received was the lowest he could receive while still avoiding an objection or appeal by the United States. Despite specific advice that amendment was necessary, White abandoned or could not support any claim he might have contemplated when he alleged that counsel failed to file a notice of appeal.

There is no reason to encourage further proceedings. Even as buyer's remorse, White's position is hard to understand; he got a good deal. As a legal proposition, he makes no showing with any substance to it that he was deprived of a constitutional right. A COA is denied as to all issues.

Accordingly, IT IS HEREBY ORDERED as follows:

1. White's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 41, 56, 61) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if White files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-117-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against White.

DATED this 25th day of September, 2012.

Richard F. Cebull, Chief Judge
United States District Court